U.S. COURTS

Raul Mendez
2712 N Goldeneye Way
Meridian, Idaho 83646
Telephone: (208) 871-7237
raulmendez02@yahoo.com
Pro Se

DEC  5 2022

Rcvd_____Filed_____Time_____
STEPHEN W. KENYON
CLERK, DISTRICT OF IDAHO

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

RAUL MENDEZ,

    Plaintiff,

Case No. 1: 22 - CV- 493 - BLW

Vs.

ADA COUNTY, ADA COUNTY
COMMISSIONERS, ADA COUNTY
TREASURER, ADA COUNTY CLERK,
ADA COUNTY RECORDER, ADA
COUNTY BILLING SERVICES, Scott
Williams, Lyn Call and any other employees
of the ADA COUNTY BILLING SERVICES,
Ammon Taylor, REPUBLIC SERVICES.

    Defendants.

**COMPLAINT AND DEMAND FOR
JURY TRIAL**

COMES NOW RAUL MENDEZ, plaintiff pro se and for cause of action against the

above-named defendants does complain and alleges as follows:

### NATURE OF THE CASE

1) Mendez seeks damages for the violation of the Equal Protection Clause under the fourteenth

amendment of the constitution.   42 U.S.C. 1983.

2) Mendez seeks damages for the filing of fraudulent liens and certification to the property tax

roll in violation of the Takings Clause under the fourteenth amendment of the constitution.   42

U.S.C. 1983.

3) Mendez seeks damages for the violation of his liberty interests under the fourteenth amendment of the constitution.  42 U.S.C. 1983.

4) Mendez seeks damages afforded to him for violations under the Fair Debt Collections Practices Act (FDCPA).  15 U.S.C. 1692.

5) Mendez seeks damages for Defendant's Intentional Infliction of Emotional Distress.

6) Mendez seeks damages for Defendant's injuring his reputation.

7) Mendez seeks damages for Defendant's Fraud.

8) Mendez seeks damages for Defendant's unlawful conduct under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. 1961-1968.

9) Mendez seeks damages for Defendant's Breach of Contract.

## PARTIES

10) At all times relevant herein, Mendez was, and is an adult individual and a citizen of the United States who has resided in Ada County.

11) Ada County Billing Services is an enterprise fund under Ada County administering trash services.  Ada County Commissioners authorized Ada County Code 5-2-4-1 mandating trash services.  Ada County Treasurer collects delinquent taxes resulting from the unlawful certification of trash billing to properties.  Ammon Taylor is a Deputy Ada County Prosecutor who has been involved in all communications between Plaintiff and Ada County agents.  Ada County clerk/Ada County Recorder oversee recording services for Ada County.

12) Republic Services is a private for profit corporation contracted to collect trash on behalf of Ada County.

## JURISDICTION AND AVENUE

13) The Court has jurisdiction of this matter pursuant to the Const. Amend.  XIV. The Fair Debt

Collections Practices Act (FDCPA).   15 U.S.C. 1692. Racketeer Influenced and Corrupt

Organizations Act (RICO), 18 U.S.C. 1961-1968.

14) As the events giving rise to this action all occurred in the State of Idaho, venue is appropriate

in the District of Idaho pursuant to 28 U.S.C. 1391 (a) (2).

## FACTS COMMON TO ALL CAUSES OF ACTION

15) On 4/30/2017, Mendez contacted the Ada County Billing Services asking how to discontinue

the trash service for his home in Boise.   He explained that **he spends most of his time at his**

**mother's home being the caregiver of a disabled person and there is no point in paying for**

**a service that is not being utilized.**

16) On 5/1/2017, Lyn Call indicated to Mendez that she was not able to discontinue service on

an **occupied residence.**

17) On 5/1/2017, Mendez repeated to Ms. Call that he is not taking out trash because he is not at

his home due to spending time at his mom's.   Furthermore, Mendez told Ms. Call that he had

been paying for the service long enough while not using it.   Mendez questioned her if it was not

a violation of constitutional right for Ada County to make any service mandatory while other

utilities just discontinue service if you don't pay.

18) On 5/7/2017, Mendez repeated to Ms. Call that he is not taking trash out since he is being the

caregiver of his mother at her home to avoid her being institutionalized.   He told Ms. Call that

he will not pay for unused services and that most utilities allow people to opt out of having their

services.

19) On 5/10/2017, Ms. Call told Mendez that if he stopped making payments for the unused trash

service that the certification process to the property tax roll would begin in 2018.

20) On 5/12/2017, Mendez asked Ms. Call if the trash service had always been mandatory and if

it was not mandatory before then what lead to the decision to make it mandatory.

21) On 5/18/2017, Mendez repeated to Ms. Call that he is not using the trash service because he is not at his home.

22) On 5/18/2017, Ms. Call responded by sending Mendez a copy of the Ada County trash ordinance by email.

23) On 5/20/2017, Mendez reiterated to Ms. Call again that the county cannot trample on people's rights to property and liberty interests by making trash service mandatory even more so when such service is not being utilized since he spends most of his time at his mother's home.

24) On 7/21/2017, Ms. Call told Mendez that she had no authority to cancel your trash bill or exempt you from compliance with the ordinance.   Only the Ada County Commissioners can make that determination.   However, she did not facilitate the process on how to waive the service because the County has insisted the home is occupied.

25) On 7/22/2017, Mendez told Ms. Call and Mr. Williams that the language of the trash ordinance makes it explicitly clear that **it applies only if you're taking out trash, but since I'm not taking out trash the 'to maintain the public health, safety, and aesthetics' which is the basis for Ada County unlawfully drafting an ordinance mandating trash service does not apply.**   If there is no trash being taken out, then there is nothing to enforce.   Mendez invited Ms. Call and Mr. Williams to ask the driver if trash is being taken out at his home.   Mendez asked Ms. Call about what evidence does Ada County have that by not using mandatory trash services that the public health, safety, and aesthetics of the county are not being maintained? When and who decided to make it mandatory?   People would previously use their own carts and elect out of using the service; so what particular incident/evidence lead Ada County to make the services mandatory?

26) On 7/24/2017, Mendez reiterated that the whole basis for Ada County making trash service mandatory rests on the presumption that trash is being taken out in order to maintain the public health, safety, and aesthetics of the county.   However, if no trash is taken out then there is nothing that Ada County can enforce.   Mendez again invited Ms. Call and Mr. Williams to travel with the trash collector on a day they pick up trash by his home and ask the driver if he/she has been picking up trash there.

27) On 9/30/2017, Mendez asked Ms. Call again if Ada County had asked the driver if he/she has been picking up trash at Mendez home.   Mendez asked **if Ada County can force people to take out trash?   Furthermore, can Ada County force people to take out trash and then pay fees to a private company?**

28) On 10/2/2017, Mr. Taylor told Mendez that **the home is occupied and the service is available for you to use.   You simply need to set the trash curbside on your service day. Please do not dispose of your household trash by placing it in another customer can or in a business or public dumpster.**   Mendez got this response despite evidence showing he has explained to Ada County on multiple occasions that he is not taking out trash because he is taking care of his disabled mother at her home.   This response implies that Ada County has a deep distrust of Latino people and the county will not believe any explanation Mendez provides much less that the county will investigate the Hispanic customer explanations.   Mendez was told that also addressed in the ordinance you will find options for exemption from service, but he wasn't given the options.

29) On 10/3/2017, Mendez told Mr. Taylor that if no trash is being taken out that there is nothing to enforce.   He asked Mr. Taylor what particular instance or evidence does Ada County have that lead public officials to determine that trash service needs to be made mandatory in order to

"maintain the public health, safety, and aesthetics of the county."   Why is it that Ada County is

forcing people to pay fees to a private company thru the county?   Can the government force

people to take out trash in order to collect a fee? Does a portion of the fee go to Ada County and

the rest to the private company?   **Why is Ada County certifying accounts to the property**

**rolls on people that won't pay a fee for an unused service?**

30) On 10/4/2017, **Ms. Call told Mendez to find a Lawyer.**

31) On 10/4/2017, Mendez told Ms. Call that he was asking legitimate questions any constituent

will have such as why the county is placing liens on people who cannot pay a fee because no

trash is being taken out.   Mendez told Ms. Call that there is no evidence that by not taking trash

out that the public health, safety and aesthetics of the county are endangered.

32) On 10/18/2017, Mendez contacted Ms. Cutri with Republic services since the Ada county

billing services stopped responding to him.   **He asked Republic Services how the trash billing**

**is split between Ada County and Republic Services?** He asked Ms. Cutri to provide him with

the contact of the right personnel regarding billing and contract questions.   He told Ms. Cutri

that he is not taking out trash since he takes care of his mother at her house. Republic Services

refused Mendez request.

33) On 1/16/2018, Mendez asked Lyn Call and Republic Services how they handle requests to

stop service from Military personnel and people that have jobs requiring to travel and being

away from their homes for long stretches?   Why should people pay the service if they are not

taking trash out?   **The problem with the Trash ordinance lies in the fact that you cannot**

**make it a law to take trash out when there are too many instances where people are just not**

**taking trash out for whatever reason.**

34) On 6//20/2018, Mendez submitted a public records request asking for research studies or any



evidence used by the Ada County Commissioners to make the determination that trash services

should be made mandatory 'to maintain the public health, safety and aesthetics of the county.'

Mendez also requested any information regarding how much money Ada County public officials

have received from Republic Services.

35) On 6/29/2018, Ada County responded to the public records request by admitting that they

have no records/evidence or any studies/information used by the Commissioners to make trash

services mandatory.   The County also denied the request for any records showing money

received by Ada County officials from Republic Services.

36) On 7/11/2018, Mendez got a collections letter at his mother's home telling him to pay the bill

by 7/31/2018 or that **the account will be certified to his property taxes on 8/20/2018.**

37) On 10/25/2018, Mendez told Ms. Call and Mr. Williams that he had told Ada County

multiple times the service is not being utilized and to stop sending him billing.   **Mendez notes**

**that Ada County Billing Services stopped all contacts with him since 10/4/2017 when he**

**was told to find a Lawyer.**   Mendez told Ms. Call that the trash ordinance makes it clear that

requests for waivers can be made.   However, **Ada County has never during the past years**

**directed Mendez to the options for waiver much less explained how the process works.**

**Ada County could at least take the time to investigate; otherwise you deny customers**

**fundamental procedural due process.**

38) On 11/3/2018, Mendez copied and pasted the portion of the Ada County ordinance for

Temporary vacancies where it states that **a residential customer may request that residential**

**service be suspended for a minimum of thirty days and a maximum of ninety days and**

**after 90 days, a residential customer must make additional requests to discontinue service.**

Ada County has not provided a legitimate non-discriminatory reason for denying him the

7

opportunity to waive the trash fee due to vacancy; instead the county took adverse action by certifying his account to the 2018 property tax roll on 8/20/2018 without any kind of due process.

39) On 11/24/2018, Mendez asked Ada County Billing services to take the time to review the trash ordinance and the prior correspondence.   Mendez reiterated that he has contacted Ada County multiple times over more than a year to let the County know that he is not taking trash out due to being his mother's caregiver at her house.   Furthermore, the office had send the 'collections notice' to his mother's place.   Mendez requests falls under the **temporary vacancies** portion of the ordinance.   The County never offered to waive the fee due to vacancy because the evidence suggests that staff did not believe Mendez explanations and they believed the Latino was trying to get out of paying the service.

40) On/about 11/24/2018, Ada County Billing Services certified $387.86 to his property taxes for the unused trash services without any due process, when the facts show Ada County agents refused to communicate with Mendez for more than a year and in the process also denying him an opportunity to waive the service without a legitimate non-discriminatory reason.

41) On 6/2019, the Ada County Treasurer sent Mendez a delinquent notice for the non-paid amount certified by the Ada County Billing Services.   The amount increased to $423.19.

42) On 7/23/2019 the Ada County Billing Services sent a letter to Mendez at his mother's home notifying him to pay for unused services for the past year or that another $387.86 will be certified to the property tax roll on November 2019.   The unlawful charge will be added to the delinquent $423.19 'owed' to the trash billing for non-used services when Mendez has been denied the opportunity to waive the trash service.

43) On 11/1/2019 Mendez contacted the Ada County Recorder with questions regarding removal

of a record for a lien that had expired after a year.   Mendez pointed out that he could not find

any information on Idaho Code 31-2401-Idaho Code 31-2419 in regards to keepings records

permanent or if there is a way to remove them.   Mendez pointed out that the lien was not valid

and should not show on record.   Mendez would also note on this amended complaint that the

expired lien was not a legitimate action that could be taken by the Homeowner's association after

they failed to send Mendez the requested information to validate debt.

44) On 11/1/2019 Ms. Luther, the supervisor at the recorder's office explained that once the item

is recorded that it will never be removed from record.   The supervisor did not refer to the

specific statute.   She stated that the HOA will have to 'release' the lien to show in record as

being satisfied; or you will have to sue the HOA to have the lien removed.   She additionally

stated that the recorder's office acts as a library and do not confirm validity of records.

45) On 11/6/2019 Mendez explained to the supervisor that Idaho Code 45-810 state that HOA

liens are good for only a year and it should show as expired.

46) On 11/7/2019 Ms. Luther stated that despite the lien potentially being expired, it shows on

our records as active and could affect your credit report, ability to get a loan, ability to refinance,

etc.

47) On 11/7/2019 Mendez asked for proof that the lien is still active.

48) On 11/8/2019 Ms. Luther stated that anything recorded in our office and not satisfied will

show as active.

49) On 11/14/2019 Mendez asked the recorder's office to provide the specific part of the statute

that says the County Recorder must have all records show as being active if they are not satisfied

either by release or judgment?   Furthermore, Mendez questioned Ms. Luther if the recorder's

office is acting outside the law by keeping records active regardless of the fact statutes says

9

certain liens are only good for a specific timeframe.   Keeping expired liens as active for no

legitimate reason can adversely impact people and there is a reason why the legislature set up

expiration dates on such liens.   The recorder's office is keeping records active regardless of the

fact the Idaho legislature has set up timeframes for such records to be expired so that the county

can collect a fee later on to 'satisfy' the records.

50) On 11/18/2019 Mendez asked Ms. Luther why the recorder is keeping records active after

they are expired and if there is nothing documenting an extension? Does your office collect an

additional fee for the HOA filing a 'release' on the expired lien? Does your office collect a fee on

all 'releases'?   There is a financial incentive for the recorder's office to keep expired liens as

active so that you can collect additional fees for people filing unnecessary additional paperwork.

The lien is expired but because the recorder office keeps it active then it is harmful to Mendez

for no legitimate reason. Mendez read the statute carefully and he does not see in the language

that the legislature requires release, satisfaction or judgment on all liens in order for them not to

be active with the recorder's office.

51) On 11/26/2019 Ada County Clerk Phil McGrane provided a copy of the expired lien to

Mendez and advise him to speak to an Attorney to 'satisfy' the expired lien.

52) On 11/26/2019 Mendez responded to Mr. McGrane.   Mendez asked him if he is aware it is

expired by statute?   And that the recorder's office apparently keeps all liens active even after the

statutes specify they have a timeframe?   Do you charge for releases on all liens even when they

are expired?   Why should I get an Attorney over an expired lien?   How is the lien kept active

and why is the information not public?   It is inaccurate and untruthful for Ada County to tell the

public that the role of the Recorder's office is just to keep records and that the office does not

verify their 'validity', because the recorder's office is profiting from keeping information that is

10

false and harmful to the public.

53) On 11/26/2019 Mendez submitted a public records request for laws and policies applying to the Ada county Recorder, operations of the Recorder as it pertains to Liens, copies of the specific law and policies authorizing the recorder to keep all liens active AFTER they are expired by statute and when no release has been filed or is needed, a copy of the record of how much the Recorder's office charges to release all liens, a copy of the detailed information that shows a lien as 'active' that is not being shown to the public.

54) On 12/9/2019 the Ada county Clerk responded in part to the public records request by providing a copy of the 'Idaho Recorder's Manual' and recorders expenditure/revenue for the past three years.   The county did not cite the specific statute authorizing the recorder's office to keep all liens active after they are expired despite the fact the request was reviewed by the Prosecutor's office, nor did they make any information available explaining how the county keeps records as active that is not being made public.   The response indicated that if Mendez felt that the request or part of it was denied that he could sue in the County district court.

55) On 12/17/2019 Mendez noticed that the Ada County Recorder shows a recording for judgment by the City of Boise dated 10/22/2019 without no document being attached to it. Mendez would note that on his previous interactions with the Recorder office/Clerk the 'record' did not show on the site.   Furthermore, the recording does not comply with Idaho Law since Idaho Code 1-2313 states that the Small Claims Magistrate should certify such judgment and that the Magistrate shall enter the judgment transcript on the judgment docket of such magistrate division and the transcript of such judgment may be filed and entered in judgment lien dockets in district courts.   The Small claims issued an appealable decision until 10/26/2021 so there is no question the lien is fraudulent. The small claims is an action that cannot be legally

11

taken/enforced against Mendez because the FDCPA bars "threats to take any action that cannot legally be taken." 15 U.S.C. 1692e (5).   The City of Boise did not validate debt prior to filing the small claims and now a lien that does not comply with statute; and that case like this one against Ada County are similar in that it involves the extreme greed and corruption of public officials making services mandatory and the constitutionality of such ordinances.   If anything, it shows that the Federal court does have subject matter jurisdiction over similar issues, but even more importantly the unused sewer proves that there is no trash being taken out on a vacated home.   Boise along with Ada County are acting fraudulently by filing a 'judgment lien' on 10/22/2019 that does not comply with Idaho Law, when the small claims magistrate issued a final order until 10/26/2021.   The fraudulent lien is being kept active and constitutes a continuing wrong until it ceases to exist pending the outcome of this action.

56) On 8/30/2021, Mendez received a letter from Ada County in which they have certified a new $362.78 to Mendez property tax roll for unused trash service without any prior administrative proceedings to provide Due Process and to waive service.   Mendez would note that without any hearing, this case becomes the only way to prove that he is not using service.   The new certification is consistent with the continuing wrong doctrine in that is a continuation of the previous conduct and present new facts.   Mendez would note that Judge Winmill refused to issue an injunction to prevent this kind of issue; therefore every year the new certification will be consistent with the continuing wrong doctrine.

57) On 8/26/2022, Mendez received a letter from Ada County in which they have certified a new $362.78 to Mendez property tax roll for unused trash service without any prior administrative proceedings to provide Due Process and to waive service.   Mendez would note that without any hearing, this case becomes the only way to prove that he is not using service.   The new

certification is consistent with the continuing wrong doctrine in that is a continuation of the previous conduct and present new facts.   Mendez would note that Judge Winmill refused to issue an injunction to prevent this kind of issue; therefore every year the new certification will be consistent with the continuing wrong doctrine.

58) On 11/21/2022, Mendez received his property tax bill showing delinquent years for 2020 and 2021.   However, Mendez has paid his taxes every year.   The delinquency is due to the unlawful certification to the property tax roll for unused services without any preceding administrative hearing.   Furthermore, the County has stopped sending billing statements to Mendez altogether or any information explaining he can contest the certification process by showing he is not using service.   The only correspondence Mendez receives is the letter of certification to the property tax roll.

59) As of the date of this complaint Mendez has requested the utilities ordinances from cities/counties across the Treasure Valley.   They clearly outline the rights and obligations including the right to an administrative hearing prior to an adverse action.   Trash, sewer, and water provided by the cities/counties become a service agreement.   Notably, Ada County refused to mail a copy of the trash ordinance.   They violate the agreement every year when they fail to follow the administrative proceedings prior to the certification process.

## **CAUSES OF ACTION**

### A.  VIOLATION OF CONSTITUTIONAL RIGHTS UNDER U.S. CONST. AMEND. XIV. EQUAL PROTECTION CLAUSE.   42 U.SC. 1983.

60) The Ada County Commissioners have the final say in having drafted a Trash Ordinance that deliberately violates the Constitutional rights of Mendez and Ada County Residents.

61) The Ada County Commissioners have instructed Ada County staff to implement the unconstitutional policy that deprives Ada County residents of their liberty and property.   The

Ada County Billing Services have told Mendez that trash services are mandatory regardless of the fact they are being used.

62) The Ada County does not provide a procedural due process to challenge actions stemming from the unconstitutional policy and as a result Mendez property and liberty interests have been violated.

63) Republic Services collects trash on behalf of Ada County.   Republic Services collects a fee from the mandatory trash services.   Republic Services have influenced Ada County actors by making financial donations.   Republic Services is liable under color of State.

64) The Equal Protection Clause of the XIV Amendment prohibits discrimination.   Ada County has not provided a legitimate non-discriminatory reason for denying him the opportunity to waive the trash service when he is not using it, and when the County has waivers for vacancy. Ada County has not provided a legitimate non-discriminatory reason for not answering to his communication for years prior to the continued certification of non-used services to his property tax roll.

65) The continued certifications of unused trash services to Mendez property tax roll due to an unconstitutional ordinance without an administrative hearing constitutes Unlawful Taking.

66) Ada county creation of fraudulent liens on Mendez property when the evidence shows that they are expired by statute or not compliant with Law constitute Unlawful takings of Mendez property.

## B.  VIOLATION OF CONSTITUTIONAL RIGHTS UNDER U.S. CONST. AMEND. XIV. TAKINGS CLAUSE.  42 U.SC. 1983.

67) The Ada County Commissioners have the final say in having drafted a Trash Ordinance that deliberately violates the Constitutional rights of Mendez and Ada County Residents.

68) The Ada County Commissioners have instructed Ada County staff to implement the

unconstitutional policy that deprives Ada County residents of their liberty and property.   The Ada County Billing Services have told Mendez that trash services are mandatory regardless of the fact they are being used.

69) The Ada County does not provide a procedural due process to challenge actions stemming from the unconstitutional policy and as a result Mendez property and liberty interests have been violated.

70) Republic Services collects trash on behalf of Ada County.   Republic Services collects a fee from the mandatory trash services.   Republic Services have influenced Ada County actors by making financial donations.   Republic Services is liable under color of State.

71) The Equal Protection Clause of the XIV Amendment prohibits discrimination.   Ada County has not provided a legitimate non-discriminatory reason for denying him the opportunity to waive the trash service when he is not using it, and when the County has waivers for vacancy. Ada County has not provided a legitimate non-discriminatory reason for not answering to his communication for years prior to the continued certification of non-used services to his property tax roll.

72) The continued certifications of unused trash services to Mendez property tax roll due to an unconstitutional ordinance without an administrative hearing constitutes Unlawful Taking.

73) Ada county creation of fraudulent liens on Mendez property when the evidence shows that they are expired by statute or not compliant with Law constitute Unlawful takings of Mendez property.

## C.  VIOLATION OF CONSTITUTIONAL RIGHTS UNDER U.S. CONST. AMEND. XIV. LIBERTY IN NOT BEING DEFAMED.   42 U.SC. 1983.

74) The continued certifications of unused trash services to Mendez property tax roll due to an unconstitutional ordinance without an administrative hearing constitutes Unlawful Taking.

75) Ada county creation of fraudulent liens on Mendez property when the evidence shows that they are expired by statute or not compliant with Law constitute Unlawful takings of Mendez property.

76) The continued certifications to the property tax roll has defamed Mendez because it inaccurately place his property taxes on delinquent status and portrays him as someone that doesn't pay his taxes.   The public record does not show that his property taxes are delinquent as a result of not paying for unused trash service.

77) The fraudulent liens also defames Mendez as they are unlawful by statute and creates a false and harmful public record.   The Recorder acknowledges that it affects Mendez credit, ability to get a loan, etc.

## D.   VIOLATIONS OF RIGHTS UNDER THE FAIR DEBTCOLLECTIONS PRACTICES ACT (FDCPA).15 U.S.C. 1692.

78) The FDCPA bars Ada County from collecting charges not permitted by law, to take action that cannot legally be taken.   Ada County Billing Services collects trash service money on behalf of Republic Services, including certification of debt to property tax roll.

79) The county ordinance making trash services mandatory violate constitutional rights.   Since, the Ordinance violate Mendez Constitutional rights then the charges for unused services are not permitted by law.   The certification of unused trash services to the property tax roll without any due process is a debt collection action that cannot be legally taken.

80) Ada County Billing Services sent Mendez a 'notification letter' on both July 23, 2018 and July 23, 2019 asking to pay by July 31, 2019 or the amount for unused services would be certified to the property tax roll.   The letters do not state whether Mendez can dispute the debt. Mendez received a letter on 8/30/2021 informing him that a new certification has been added to the property tax roll.   He received the latest one on 8/26/2022.

16

## E.   INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS.

81) Mendez has filed a timely Notice of Tort Claim with the Ada County Prosecutor's Office pursuant to I.C. 6-905, 6-908.

82) Mendez understands that this Court has discretion to retain jurisdiction on the state claims to accommodate the objectives of economy, convenience and fairness.

83) Ada County has admitted that they do not have any information/evidence that justify mandating trash service because of 'the need to maintain the public health, safety and aesthetics of the county.'   The county has not shown that it enacted its ordinance to further any interest in public health, safety, and aesthetics.

84) Ada County denied Mendez request for financial records showing how much money public officials received from Republic Services.   However, former Ada County Treasurer Ms. McIntyre had filed a complaint in 2015 with the Idaho Attorney General indicating that the trash contract had been awarded to Republic Services as a result of money received by the Commissioner's from Republic Services.

85) Mendez notes that in Idaho in order to disqualify themselves from immunity, government employees must not only act wrongfully, they must also act with ill will.   County officials in attempting to enforce the ordinance violated clearly established constitutional rights of which a reasonable person would have known.   They've acted with ill will by refusing to allow Mendez to waive the unused service; instead they have intentionally certified the trash fees to the property tax roll.   Mendez has suffered distress from the ongoing discriminatory practice.

## F.   DAMAGE TO REPUTATION-DEFAMATION.

86) Mendez notes that in Idaho in order to disqualify themselves from immunity, government employees must not only act wrongfully, they must also act with ill will.

87) Ada County agents have unlawfully certified unused trash billing to the property tax roll on 8/20/2018 and they will continue to do the same every year; despite the fact there is a vacancy waiver available that has been denied to Mendez.

88) Ada County indeed filed the latest certification to the property tax roll on 8/26/2022 without any preceding administrative hearing and such action is consistent with the US Supreme Court definition of the Continuing Wrong Doctrine.

89) The property tax information is public record showing the Mendez is delinquent even though the amount in question is the result of an unconstitutional ordinance and discriminatory conduct by Ada County agents.   Idaho law does not authorize the certification for unused services.

90) Mendez has been hounded over the past year by people who offer to pay cash on homes. Mr. Mendez was told by some of these people that they specifically search for owners that 'do not pay their taxes.'

91) Ada County is keeping an expired lien as active without providing a legitimate reason for doing so, or explaining how such a record is being kept active, or why the information is not being made public.   Ada County has also fraudulently recorded another lien that does not comply with Idaho law.   Such unlawful conduct is made with ill will and with the intent to harm Mendez reputation.

## G.  FRAUD.

92) The Idaho Recorder's Manual provided by Ada county as part of a public record's request indicate that 'relying upon the police powers of the Constitution, states adopted statutory recording laws to *protect their citizens from fraud associated with real property matters.'*.....recorder's office should not record documents with problematic features and to review the problematic document with the county prosecutor if is "entitled by law to be

18

recorded."

93) The Idaho Recorder's Manual further asks what happens if it incorrectly records a document? Idaho Code 31-2417 states that the recorder is liable to the party aggrieved "for the amount of the damages which may be occasioned thereby", would also impose liability for "damages" suffered by the aggrieved party for errors and omissions with the physical handling of a deposited document

94) Mendez contacted the Ada County Recorder on November 1, 2019 regarding an invalid/expired lien and subsequently spent over a month in exchange with Ada county officials. He was told the lien still shows as active although the defendants refuse to explain how is being kept active, or why the information is not being made public.   Why a lien is being kept active after it is expired by statute?   The recorder office acknowledges that keeping an expired lien active is harmful to Mendez.

95) There is a financial incentive for the recorder's office to keep expired liens as active so that defendant can collect additional fees for people filing unnecessary additional paperwork. The recorder's office is profiting from keeping information that is false and harmful to the public.

96) During the entire month Mendez spent exchanging conversations with Ada County, there was no record of a 'lien judgment' filed on 10/22/2019 by the city of Boise.   There is no document attached to it.   Boise along with Ada County are acting fraudulently by filing a 'judgment lien' on 10/22/2019 that does not comply with Idaho code 1-2313 and when the Small Claims made a final decision until 10/26/2021.

97) States adopted statutory recording laws to *protect their citizens from fraud associated with real property matters.'*   The Ada County Recorder's office has engaged in the same fraud that the state constitution has entrusted it to protect from.

## H.    RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT (RICO), 18 U.S.C. 1961-1968.

98) On 6/20/2018 Mendez submitted a public records request asking for copies of any research studies in the area used by the Ada County Commissioners to make the determination that trash services should be made mandatory for Ada County residents "to maintain the public health, safety and aesthetics of the county."   Mendez also requested financial information on how much money the county has received from Republic Services.

99) On 6/29/2018 Defendants admitted on their response that they don't have 'research studies' in its possession that influenced the Ada County Commissioners to make trash services mandatory. The county has not shown that it enacted its ordinance to further any interest in public health, safety, and aesthetics.   Ada County denied Mendez request for financial records showing how much money public officials received from Republic Services.   However, former Ada County Treasurer Ms. McIntyre had filed a complaint in 2015 with the Idaho Attorney General indicating that the trash contract had been awarded to Republic Services as a result of money received by the Commissioner's from Republic Services.

100) On 12/22/2018 Mendez submitted another public records request asking the county to provide information regarding how much of the Ada County budget is allocated to the Ada County Billing Services.

101) On 1/8/2019 Defendants responded by stating that Ada county billing services is an ENTERPRISE FUND.   It is not supported by Ada County's general fund but instead operates exclusively from the *funds received from trash and recycling fees.*

102) On 5/4/2019 Erin Bamer with the Idaho Press Tribune wrote that Republic Services has donated money to unincorporated Ada County, along with several other cities it contracts with. Rachel Klein with Republic Services did not specify how much money the company donated to

20

Ada County or what it was used for. In 2015, former Ada county Treasurer filed a criminal complaint against the commissioner's and the AG office report states that the commissioner's rewrote the trash ordinance and created a new office that would handle the trash contract with Republic Services.   In other words, mandated trash services in several counties/cities in Idaho operate as an enterprise fund from money 'donated' by defendant Republic services.

103) Ada County and Republic services are two distinct entities engaged in an enterprise by mandating trash services in the County. Which is mutually financially benefiting the entities. That is not based on any public interest to further public health, safety, and aesthetics of the county.   And that the result of not paying mandated service result in the unlawful collection of debt by certification to the property tax roll.

104) Ada County and Republic services have an associated in fact RICO enterprise that have resulted in injury to Mendez including unlawful certification of debt to the property tax roll and damaging his reputation.

## I. BREACH OF CONTRACT.

105) Cities and Counties in Idaho have clearly outlined on their Ordinances that utilities provided by them become service agreements.   They outline the customers' rights and obligations including the right to an administrative hearing prior to an adverse action.

106) Ada county is in breach of contract by failing to follow the procedures outlined in the trash ordinance with respect to a hearing prior to certification to the tax roll.   Furthermore, the county breaches the contract by failing to entirely send billing statements to Mendez.   The continued breach of contract every year is consistent with the continued wrong doctrine because each instance is an entirely separate act.

## <u>DEMAND FOR JURY TRIAL</u>

Pursuant to Rule 38 (b) of the Federal Rules of Civil Procedure, Mendez hereby demands a trial by jury on all issues properly triable to a jury in this action.

### PRAYER FOR RELIEF

WHEREFORE, Mendez requests judgment against the County/corporation as follows:

1.  Award Mendez compensatory and punitive damages for the violation of his constitutional rights under 42 U.S.C. 1983.

2.  Award Mendez compensatory and punitive damages for the violation of his rights under the Fair Debt Collections Practices Act 15 U.S.C. 1692.

3.  Award Mendez compensatory and punitive damages for Defendant's intentional infliction of emotional distress.

4.  Award Mendez compensatory and punitive damages for Defendant's intentionally harming his reputation.

5.  Award Mendez compensatory and punitive damages for Defendant's fraud.

6.  Award Mendez treble damages for Defendant's violations under RICO.

7.  Award Mendez compensatory and punitive damages for breach of contract.

8.  Award Mendez the costs of this action, including reasonable attorney' fees should he retain one in the future.

9.  A Declaration from the Court that Ordinances cannot make services mandatory.

10. Declare Ada County officials corrupt and racketeers.

11. Declare Republic services officials corrupt and racketeers.

12. A preliminary injunction against Ada County that would prevent them from continuing to certify the unlawful trash billing to the property tax roll.   Mr. Mendez will file a separate Motion.

22

13. Award Mendez such other and further legal and equitable relief as the Court deems just and proper.

DATED:    December 5, 2022

Raul Mendez

73