UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RAUL MENDEZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ADA COUNTY, ADA COUNTY COMMISSIONERS, ADA COUNTY TREASURER, ADA COUNTY CLERK, ADA COUNTY RECORDER, ADA COUNTY BILLING SERVICES, SCOTT WILLIAMS, LYNN CALL, and other employees of the Ada County Billing Department; and  REPUBLIC SERVICES,<br><br>　　　　Defendants. | Case No. 1:22-cv-00493-BLW<br><br>**INITIAL SCREENING ORDER** |

### INTRODUCTION

On December 5, 2022, Plaintiff Raul Mendez conditionally filed a complaint and an application to proceed *in forma pauperis* (IFP)*.* The Court denied the IFP application, without prejudice, as Mr. Mendez had not filed a complete application. Mr. Mendez later completed the IFP application and has now made the required showing under 28 U.S.C. § 1915(a). Accordingly, Mr. Mendez's request to proceed *in forma pauperis* will be granted.

INITIAL SCREENING ORDER - 1

## SCREENING REQUIREMENT

Because Mr. Mendez is proceeding *in forma pauperis*, the Court will screen the complaint under 28 U.S.C. § 1915, which requires the Court to dismiss a case if the Court determines that the case is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i-iii); *see O'Neal v. Price*, 531 F.3d 1146, 1151 (9th Cir. 2008).

## ANALYSIS

Mr. Mendez has sued the following defendants in this case: Ada County, Ada County Commissioners, Ada County Treasurer, Ada County Clerk, Ada County Recorder, Ada County Billing Services, Scott Williams, Lynn Call, and Republic Services. Dkt. 2 He alleges multiple claims, including violations of his Fifth and Fourteenth Amendment rights, violations of the Fair Debt Collections Practices Act, intentional infliction of emotional distress, defamation, racketeering, fraud, and breach of contract. *See* Dkt. 2. Mr. Mendez's central factual allegation is that Ada County is wrongfully charging him trash collection fees.

In two previous cases filed in 2019 and 2021 – *Mendez v. Ada County, et al.*, Case No. 1:19-cv-00301-BLW, and *Mendez v. Ada County, et al.*, Case No. 1:21-

cv-00447-BLW[1] – Mr. Mendez sued the same defendants named here.[2] The claims brought in the 2019 Case were fully adjudicated by this Court when it dismissed all of the claims, some with prejudice, some without. *See Dkt. 65 in Case No. 19-cv-301*. The Ninth Circuit affirmed that dismissal. *See Dkt. 74 in Case No. 19-cv-301* (*Memorandum in Mendez v. Ada County, et al., Case No. 20-35917 (9th Cir. 2021)*).

Similarly, the claims brought in the 2021 Case were dismissed under the doctrine of res judicata, which encompasses both "claim preclusion" and "issue preclusion," and provides that "a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." *Montana v. United States*, 440 U.S. 147, 153 (1979). *See Dkts. 18, 19 in Case No. 21-cv-447*. The doctrine of res judicata bars both (1) the claims brought in the prior action and (2) related claims that could have been brought in the prior action. *Ticor Title Co. v. Stanion*, 157 P.3d 613, 617 (Idaho 2007) (Claim preclusion "bars a subsequent action between the same parties upon the same claim or upon claims relating to the same cause of action . . . which might have been made." (internal quotation marks

---

[1] For ease of reference, the Court will refer to these cases as "the 2019 Case" and the "2021 Case" throughout this opinion.

[2] In the 2019 and 2021 Cases, Mr. Mendez also named an additional defendant – Ammon Taylor, a deputy Ada County Prosecutor, as a defendant. Mr. Taylor is not named in the current, 2022 complaint. Otherwise, the defendants are the same across all three complaints.

and citation omitted)).

Claim preclusion applies to bar a subsequent action when three requirements are met: "(1) the same parties or privies; (2) the same claim; and (3) a final judgment." *Cacciaguidi v. Reinke*, No. 4:09-CV-00343-BLW, 2012 WL 892298, at *4 (D. Idaho Mar. 14, 2012). Those three requirements are met here.

First, the 2019 Case, the 2021 Case, and the present case involve the same parties. (As noted above, the only difference is that defendant Ammon Taylor drops out of the present case; all other defendants are the same in all three complaints.) Second, a comparison of the complaints in all three actions reveal that the factual allegations are virtually identical. Granted, in each successive complaint, Mr. Mendez adds more recent factual allegations – typically, he will allege that Ada County has certified unpaid trash fees to his property taxes for a later year. *See, e.g., 2021 Compl.* ¶ 55, Dkt. 2 in Case No. 21-cv-447 (alleging that in August 2021, Ada County informed Mendez that $362.78 would be certified to his property tax roll) *2022 Compl.* ¶ 57 Dkt. 2 in Case No. 22-cv-493 (alleging that in August 2022, Ada County informed Mendez that another $362.78 would be certified to his property tax roll). But those allegations do not change the outcome because his claims are still barred by *issue* preclusion, which bars a party from relitigating an issue of law that was determined by a prior adjudication. *See Resolution Trust Corp. v. Keating*, 186 F.3d at 1110, 1114 (9th Cir. 1999); *Amadeo*

*v. Principal Mut. Life Ins. Co.*, 290 F.3d 1152, 1159 (9th Cir. 2002) (setting out elements for application of issue preclusion).

Further, as set forth in the table below, the claims are also, for the most part, identical. To the extent the claims vary slightly between the three cases, Mr. Mendez could and should have brought all of his claims in the 2019 Case. *See Ticor Title Co.*, 157 P.3d at 617 (Claim preclusion "bars a subsequent action between the same parties upon the same claim or upon claims relating to the same cause of action . . . *which might have been made*.") (emphasis added).

| Alleged violation | 2019 Case Complaint | 2021 Case Complaint | 2022 Complaint |
|---|---|---|---|
| Constitutional Violations | Claim 1: 5th and 14th Amendments | Claim 1: Equal protection<br>Claim 2: Takings<br>Claim 3: Liberty in not being defamed | Claim A: 5th and 14th Amendments<br>Claim B: Takings<br>Claim C: Liberty in not being defamed |
| Federal Debt Collection Practices Act | Claim 2 | Claim 4 | Claim D |
| Intentional Infliction of Emotional Distress | Claim 3 | Claim 5 | Claim E |
| Damage to Reputation | Claim 4 | Claim 6 | Claim F |
| Federal Trade Commission Act | Claim 5 | None | None |
| Fraud | Claim 6 | Claim 7 | Claim G |
| Racketeering | Claim 7 | Claim 8 | Claim H |
| Breach of Contract | None | None | Claim I |

Finally, as set forth above, the 2019 Case was fully adjudicated by this Court when it dismissed all of Mr. Mendez's claims, some with prejudice, some without, and the Ninth Circuit affirmed that dismissal. *See* 2019 Case, Dkts. 65, 74.

As such, Mr. Mendez was precluded under the doctrine of res judicata from proceeding with the 2021 Case, and, for the same reason, he is precluded from proceeding with this action. Accordingly, Mr. Mendez' complaint will be dismissed without leave to amend.

## ORDER

**IT IS ORDERED:**

1. Plaintiff's Application to Proceed *In Forma Pauperis* (Dkt. 6) is **GRANTED**.

2. Plaintiff's Complaint is **DISMISSED** without leave to amend under the doctrine of res judicata.

3. The Court will enter judgment separately.

4. The Clerk of the Court is directed to close this case.

DATED: June 30, 2023

B. Lynn Winmill
U.S. District Court Judge